UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COZY, INC.,<br><br>      Plaintiff,<br><br>    v.<br><br>DOREL JUVENILE GROUP, INC.,<br><br>      Defendant. | C.A. No. 21-cv-10134-JGD |

### MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF COZY, INC.

Pursuant to Local Rule 83.5.2(c)(2) and Massachusetts Rule of Professional Conduct 1.16(b), King & Spalding LLP ("K&S") moves for leave to withdraw as counsel for Plaintiff, Cozy, Inc. ("Cozy"). K&S has previously notified Cozy of its intention to move to withdraw and is serving a copy of this motion on Cozy as required by Local Rule 83.5.2(d). In support of its motion to withdraw, K&S shows the Court as follows.

### Legal Standard

Under the present circumstances, counsel must obtain the Court's leave to withdraw their appearances based upon good cause shown. L.R. 83.5.2(c). A motion to withdraw in a civil case "is a matter addressed to the discretion of the trial court." *Lieberman v. Polytop Corp.*, 2 Fed. App'x 37, 39-40 (1st Cir. 2001) (unpublished) (reversing denial of motion to withdraw for non-payment of $80,000 in fees despite being near trial date) (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 135 (1st Cir. 1985)).

The rules of professional conduct applicable to attorneys practicing before this Court are the Massachusetts Rules of Professional Conduct. L.R. 83.6.1. Rule 1.16(b) provides, *inter alia,* that a lawyer may withdraw from representation if: "(4) the client insists upon taking action …

with which the lawyer has a fundamental disagreement; (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (7) other good cause for withdrawal exists."

Consistent with Rule 1.16(b), courts in this district have permitted withdrawal where there has been a breakdown in the attorney-client relationship, or a client has failed to pay the attorney's fees as agreed. *E.g. Hammond v. T.J. Litle & Co.*, 809 F. Supp. 156, 162 (D. Mass. 1992) (granting withdrawal where client disregarded his fee obligations and there was evidence of a breakdown in the attorney-client relationship); *Metro. Prop. & Cas. Ins. Co. v. Savin Hill Fam. Chiropractic, Inc.*, 2018 WL 4870903, at *1 (D. Mass. 2018), report and recommendation adopted sub nom. *Metro. Prop. & Cas. Ins. Co. v. Hill*, 2018 WL 4924604 (D. Mass. 2018) ("A client's failure to pay attorney's fees may support the withdrawal of counsel…."); *Phantom Ventures LLC v. Depriest*, 2017 WL 1147448, at *1 (D. Mass. 2017) (allowing withdrawal for failure to pay attorneys' fees considering "(1) the amount of work performed and paid for in comparison with the work remaining, (2) fees paid to date, and (3) the likely effect on the client").

### Breakdown of the Attorney-Client Relationship

The Court is aware of the matters reported to the Court during the October 13, 2023 hearing and in subsequent filings. For reasons arising out of those circumstances, K&S has concluded that it cannot continue to represent Cozy in this matter as there has been a breakdown in the attorney-client relationship. The specific reasons why K&S believes that there has been a breakdown in the attorney-client relationship and thus good cause to withdraw (*see Stag Williamsport, LLC v. BHN Assocs., LLC*, 2023 WL 4995327, at *1-*2 (D. Mass. 2023) (recommending withdrawal of

counsel for breakdown of attorney-client relationship)), are confidential information that cannot be revealed consistent with Rule 1.6 of the Massachusetts Rules of Professional Conduct absent an order from the Court and appropriate procedures protecting the information's confidentiality, e.g., *in camera* review.[1]

## Cozy's Failure to Meet Obligations to K&S

Withdrawal is permitted here for the additional, independent reason that Cozy is not meeting its obligations to K&S pursuant to its engagement agreement to pay K&S's fees and incurred expenses. *See* Mass. R. Prof. Conduct 1.16(b)(5) (permitting withdrawal where client "fails substantially to fulfill an obligation") & (b)(6) ("unreasonable financial burden on the lawyer"). Specifically, Cozy lost access to the funding source that had been paying a portion of K&S fees and all incurred expenses (including of experts). Despite being thereafter obligated to pay K&S's fees (or obtain another funding source), Cozy has not done so. Cozy owes K&S a significant amount for services previously rendered and also for expenses that K&S and experts incurred on Cozy's behalf. K&S can provide the Court additional details *in camera*. *See* Mass. Bar Ass'n, Ethics Op. 96-3 (March 1996) (lawyer moving to withdraw on grounds of nonpayment

---

[1] *E.g. United States v. Isaacson*, 2010 WL 4622169, at *1 (D.N.H. Nov. 5, 2010) (recognizing court may consider privileged information *in camera* to evaluate breakdown in attorney-client relationship) (citing *Weinberger v. Provident Life & Cas. Ins. Co.,* 1998 WL 898309, *1 (S.D.N.Y. 1998) (court may consider privileged material *in camera* to prevent a party from being prejudiced by counsel's motion to withdraw); *see also Sabre Intl Sec. v. Torres Advanced Enter. Sols., LLC*, 219 F. Supp. 3d 155, 159 (D.D.C. 2016) (allowing submission *in camera* of client confidential information supporting motion to withdraw, citing *United States v. Zolin*, 491 U.S. 554, 569 (1989) and collecting cases); *High Crest Functional Med., LLC v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, 2017 WL 4405064, at *1 (D.N.J. 2017) ("Courts in this District have allowed an attorney moving to withdraw to submit documents providing the reasons for withdrawal *in camera* if those reasons concern information protected by attorney-client privilege.").

Case 1:21-cv-10134-JGD   Document 412   Filed 11/16/23   Page 4 of 6

4

of fee authorized to provide "minimal amount of confidential information to achieve his objective").

\* \* \* \* \*

Accordingly, King & Spalding respectfully requests that this Court enter an Order granting this Motion to Withdraw of the firm and its attorneys who have appeared in this action, including Brent Ray, Dara Kurlancheek, Abby Parsons, Angela Tarasi, Brynna Wasserman and Noah Stid.

Dated:  November 16, 2023

Sharona H. Sternberg (BBO #682384)
Kevin R. Mosier (BBO #703739)
SUNSTEIN LLP
100 High Street
Boston, MA 02110
(617) 443-9292
ssternberg@sunsteinlaw.com
kmosier@sunsteinlaw.com

Kenneth R. Adamo (*pro hac vice*)
LAW OFFICES OF KENNETH R. ADAMO
360 W. Illinois
Chicago, IL 60654
(312) 527-0620
kradamo23@gmail.come

Respectfully Submitted,

*/s/ Brent P. Ray*
Brent P. Ray (*pro hac vice*)
KING & SPALDING LLP
110 N Wacker Dr., Suite 3800
Chicago, IL 60606
(312) 764-6925
bray@kslaw.com

Dara M. Kurlancheek (*pro hac vice*)
KING & SPALDING LLP
1700 Pennsylvania Ave, NW, Suite 200
Washington, D.C. 20006-4707
(202) 626-5590
dkurlancheek@kslaw.com

Angela Tarasi (*pro hac vice*)
Brynna Wasserman
KING & SPALDING LLP
1401 Lawrence Street, Suite 1900
Denver, CO 80202
(720) 626-2300
atarasi@kslaw.com
bwasserman@kslaw.com

Abby Parsons (*pro hac vice*)
KING & SPALDING LLP
1100 Louisiana St., Suite 4100
Houston, TX 77002
(713) 751-3200
aparsons@kslaw.com

Noah Stid (*pro hac vice*)
KING & SPALDING LLP
601 South California Avenue, Suite 100
Palo Alto, California 94304
(650) 422-6702
nstid@kslaw.com

*Attorneys for Plaintiff, Cozy, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 16, 2023, a true and correct copy of the foregoing was served upon all counsel of record via electronic mail and on Cozy via email to Dr. Rajasingham.

                                        */s/ Brent P. Ray*
                                        Brent P. Ray