UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| COZY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 21-10134-JGD |
| DOREL JUVENILE GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OF DECISION AND ORDER ON MOTION FOR ENTRY OF DEFAULT JUDGMENT IN FAVOR OF DOREL JUVENILE GROUP, INC. ON PLAINTIFF'S COMPLAINT

July 9, 2024

## I. INTRODUCTION

On January 27, 2021, Cozy, Inc. ("Cozy") filed a complaint against Dorel Juvenile Group, Inc. ("Dorel") alleging that Dorel's line of child car seats with Air Protect® technology violated four of Cozy's patents: United States Patent Nos. 7,156,416 (the "'416 Patent"); 8,136,835 (the "'835 Patent"); 9,902,298 (the "'298 Patent"); and 9,669,739 (the "'739 Patent") (collectively the "Asserted Patents").  (Complaint for Patent Infringement ("Compl.") (Docket No. 1) at ¶¶ 1, 19-25).  In response, Dorel denied liability and raised various equitable defenses including, *inter alia*, defenses of non-infringement (first defense); invalidity (second defense); equitable estoppel (fifth defense); prosecution laches (sixth defense); and unclean hands (seventh defense).  (First Amended Answer ("Ans.") (Docket No. 58) at 23-28).  In addition, Dorel asserted two counterclaims of inequitable conduct against Cozy, the first for pattern and practice of misrepresentation to the U.S. Patent and Trademark Office ("USPTO" or "PTO") (first count) and

the second for failure to disclose prior and intervening art (second count). (Id. at 35-40). Dorel was subsequently permitted to amend its answer to assert three additional counterclaims alleging inequitable conduct for failure to disclose DE '588 reference as prior art in connection with the prosecution of the '298 and '739 Patents (third count); inequitable conduct for failure to disclose the Horkey Patent reference as prior art while prosecuting the '835 Patent (fourth count); and inequitable conduct and/or unclean hands based on a pattern and practice of deceptive conduct (fifth count). (Second Amended Answer ("Sec. Ans.") (Docket No. 370) at 36-53).[1]

After extensive discovery and motion practice, including dispositive motions and claim construction rulings, Cozy's counsel moved to withdraw on November 16, 17 & 20, 2023, citing a breakdown in the attorney-client relationship as well as Cozy's failure to pay counsels' fees and expenses as agreed. (Docket Nos. 412, 413, 416). This District's Local Rule 83.5.5(c) requires corporations, such as Cozy, to be represented by counsel in order to proceed in any litigation. Cozy's principal, Dr. Arjuna I. Rajasingham, was advised, and acknowledged on numerous occasions, that as an entity Cozy could not proceed without legal representation, and that the failure to obtain successor counsel could result in a default judgment being entered against Cozy.[2]

---

[1] The counterclaims ("Counterclaims") begin on page 28 of Dorel's First Amended Answer (Docket No. 58) as well as in its Second Amended Answer (Docket No. 370). Citations to the first and second counterclaims will refer to its original counterclaims in its First Amended Answer and citations to the third, fourth, and fifth counterclaims will be to the Second Amended Answer.

[2] See, e.g., Docket Nos. 415 (11/20/23 Scheduling Order requiring Dr. Rajasingham to confirm Cozy's need to obtain counsel); 426-12 (transcript of hearing on 11/17/23 discussing how to go forward in the absence of counsel); 429-1 (12/1/23 Affidavit of Dr. Rajasingham acknowledging Cozy understands it needs to obtain successor counsel); 431 (12/5/23 Electronic Order that court will defer ruling on motions to withdraw until January 8, 2024 to allow Cozy time to find successor counsel); 437 (12/13/23 Electronic

After a number of hearings and extensions, on January 11, 2024, this court issued a Memorandum of Decision and Order (Docket No. 455) and allowed the motions to withdraw. As the court noted therein, action taken throughout the litigation to date had "raised serious ethical questions including, but not limited to, the potential spoliation of evidence and fraud." (Id. at 3-4). The court then granted Cozy an additional twenty-one (21) days to find successor counsel, after which Dorel was authorized to file a motion for default. (Docket No. 456). Dr. Rajasingham requested and received several extensions. (E.g., Docket Nos. 460, 470, 483).

Following additional motion practice, mostly related to Cozy's former counsel's potential liability for sanctions and/or damages in this litigation, on April 5, 2024, a default was entered against Cozy for failure to plead or otherwise defend pursuant to Fed. R. Civ. P. 55(a). (Docket No. 496). This matter is presently before on the court on Dorel's Motion for Entry of Default Judgment (Docket No. 473) brought pursuant to Fed. R. Civ. P. 41, 54, and 55, by which Dorel is seeking entry of judgment in its favor on (1) all counterclaims asserted by Dorel against Cozy, and (2) all patent infringement claims asserted by Cozy against Dorel. (See Dorel's Memorandum in Support of Motion (Docket No. 474)).

On May 21, 2024, the court allowed the motion of attorneys from the law firm of Spencer Fane LLP for leave to appear pro hac vice on behalf on Cozy. (Docket No. 553). However, to date only local counsel, Christian Samito, has entered an appearance and he has notified the court that he will not represent Cozy substantively absent an appearance by, and

---

Order allowing 14 days from date Cozy obtains successor counsel for Cozy to respond to Dorel's motion to dismiss); and 444-1 (1/4/2024 letter from Dr. Rajasingham acknowledging that Cozy cannot proceed without counsel). In addition, both Dorel and Dr. Rajasingham opposed the motions to withdraw and there was extensive motion practice.

limited to the same scope of representation as, counsel from Spencer Fane. (See Docket No. 537). For their part, counsel from Spencer Fane have notified the court that they "intend to file their notices of appearance shortly after the conclusion of the ongoing evidentiary hearing" on Dorel's motion for sanctions (Docket No. 542) and motion to have the case declared exceptional (Docket No. 477) and that they would not represent Cozy at those hearings. (See Docket No. 598). They further notified the court that counsel's appearance will be limited to defending against Dorel's counterclaims for inequitable conduct and related issues.[3] (Docket Nos. 598, 537, 538).

The evidentiary hearings have concluded, and Cozy did not appear and defend against Dorel's motions. The consequences of such failure to appear shall be addressed in connection with the court's ruling on the motions if necessary. For present purposes, however, and to assist in defining the issues remaining in dispute, it is appropriate for the court to rule on Dorel's Motion for Default Judgment to the extent that it relates to Cozy's affirmative case. For the reasons detailed herein, Dorel's Motion is allowed as to Cozy's affirmative case. "While a grant of default judgment is a 'drastic sanction that runs contrary to the goals of resolving cases on the merits and avoiding harsh or unfair results,' the entry of a default judgment 'plays a constructive role in maintaining the orderly and efficient administration of justice.'" Simmons v.

---

[3] Counsel for Spencer Fane have also indicated that if the court agrees to try Dorel's equitable claims first, and Cozy defeats Dorel's inequitable conduct claims, then "both Cozy and Spencer Fane have contemplated that a new Notice of Appearance will be entered for the remainder of the case[.]" (Docket No. 538 at ¶ 8). While the court has ruled that trial of Cozy's affirmative claims and Dorel's counterclaims would be bifurcated, it expressly declined to rule on which would go first. (Docket No. 457). Notably, Cozy/Spencer Fane have not even sought a ruling from the court that Dorel's inequitable conduct claims be tried first, nor have they attempted to supplement the record in support of Cozy's patent infringement claims. This contingent and ambiguous reference to the possibility of representing Cozy in the future on undefined claims is insufficient to remedy Cozy's default for failure to obtain counsel to pursue its affirmative claims.

[4]

Pilaster Digit. LLC, Civil Action No. 19-40072-DHH, 2021 WL 11708285, at *2 (D. Mass. Nov. 29, 2021) (quoting Remexcel Managerial Consultants, Inc. v. Arlequin, 583 F.3d 45, 51 (1st Cir. 2009)) (additional citations omitted).  A default judgment is particularly warranted in this case as, despite years of litigation, Cozy has not put forth evidence to support its claim of patent infringement.  The issue whether default judgment should enter on Dorel's counterclaims for inequitable conduct and unclean hands remains under advisement.

## II. STANDARD OF REVIEW

"Rule 55 provides a two-step process for default judgment.  Fed. R. Civ. P. 55(a)-(b). Step one is entry of default under Rule 55(a), which provides that '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.'"  Universitas Educ., LLC v. Granderson, 98 F.4th 357, 377 (1st Cir. 2024) (quoting Fed. R. Civ. P. 55(a)) (alteration in original).  A corporation's failure to obtain counsel constitutes a failure "to plead or otherwise defend" and warrants the entry of default.  See Simmons, 2021 WL 11708285, at *2, *6 (defendant's failure to obtain counsel constitutes a failure to defend under Fed. R. Civ. P. 55(a)); SEC v. Esposito, 260 F. Supp. 3d 79, 83-84 (D. Mass. 2017) (in the absence of counsel, defendant corporation's *pro se* answer stricken and default entered).

After default is entered under Rule 55(a) "[s]tep two is entry of default judgment under Rule 55(b), which provides that such a judgment can be entered by the clerk, assuming certain conditions are met, and otherwise by the court."  Universitas Educ., LLC, 98 F.4th at 377.  "A defaulted party is deemed 'to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated.'"  Id.

[5]

(quoting Franco v. Selective Ins. Co., 184 F.3d 4, 9 n.3 (1st Cir. 1999)).  "Notwithstanding that concession, the district court 'may examine a plaintiff's complaint, taking all well-pleaded factual allegations as true, to determine whether it alleges a cause of action.'"  Id. (quoting Ramos-Falcón v. Autoridad de Energía Eléctrica, 301 F.3d 1, 2 (1st Cir. 2002)).  While the district court can hold a hearing if needed, "the district court can also order a default judgment 'without a hearing of any kind,' assuming it 'has jurisdiction over the subject matter and parties, the allegations in the complaint state a specific, cognizable claim for relief, and the defaulted party had fair notice of its opportunity to object.'"  Id. (quoting In re The Home Rests., Inc., 285 F.3d 111, 114 (1st Cir. 2002)) (additional citation omitted).[4]  "On that score, the district court may also 'choose to hold a hearing to establish the truth of any averment in the complaint.'"  Id. (quoting In re The Home Rests., Inc., 285 F.3d at 114-15).

Applying these principles to the instant case, this court concludes that the record is sufficient to support the entry of judgment in favor of Dorel on Cozy's complaint.

### III.  COZY'S INFRINGEMENT CLAIMS

If Dorel prevails on its counterclaims for inequitable conduct and unclean hands, it would bar enforcement of Cozy's patents.  Thus, "[i]nequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent."  Therasense, Inc. v. Becton, Dickinson and Co., 649 F.3d 1276, 1285 (Fed. Cir. 2011).  The same is true of the defense of "unclean hands."  See Gilead Sciences, Inc. v. Merck & Co., Inc., 888 F.3d 1231, 1239-40 (Fed. Cir. 2018) ("pre-litigation business misconduct and litigation misconduct" constituted "unclean

---

[4] It is undisputed that this court has subject matter and personal jurisdiction over the parties. The record establishes that Cozy had ample notice and the opportunity to object.  Therefore, these elements will not be discussed further.

[6]

hands" and barred the defendant from asserting the patents against the plaintiff). The court will reserve on those issues. For the reasons that follow, the undisputed facts of this case establish that Dorel is entitled to judgment on the merits of Cozy's claims of infringement. Given the unique posture of this litigation, the dismissal of Cozy's infringement claims will be with prejudice.

## Failure to Prosecute

In light of Cozy's failure to obtain counsel, and, therefore its inability to prosecute its claims, its infringement claims against Dorel must be dismissed. See John's Insulation, Inc. v. L. Addison & Assocs., Inc., 156 F.3d 101, 109-10 (1st Cir. 1998) (affirming trial court's dismissal of plaintiff's claims and entry of default judgment on defendant's counterclaims where plaintiff failed to obtain successor counsel after counsel withdrew). "Where a corporate-plaintiff fails to obtain counsel, the ordinary remedy is to dismiss its complaint for lack of prosecution." Alli v. United States, 93 Fed. Cl. 172, 177 (2010) (and authorities cited); see also Nationwide Payment Sols., LLC v. Plunkett, No. 2:09-cv-600-GZS, 2011 WL 338661, at *6 (D. Me. Jan. 31, 2011) (defendant corporation's failure to obtain counsel warrants dismissal of its counterclaims); Drysdale, Inc. v. Wolfram, Civil Action No. 07-10034-RGS, 2009 WL 189959, at *1-2 (D. Mass. Jan. 27, 2009) (plaintiff corporation's failure to obtain successor counsel in a timely manner resulted in dismissal of complaint with prejudice). For this reason alone, Cozy's complaint must be dismissed.

## Absence of Identification of Infringement Claims

Despite years of litigation, Cozy has failed to identify with any clarity which of Dorel's products infringe Cozy's patents, and/or in what manner. Rather, Cozy's claims of patent

infringement have been a moving target from the beginning, and at the conclusion of fact discovery Cozy is left without any expert to support its contentions.

"Liability for infringement . . . requires, without exception, that an accused product contain each limitation or its equivalent." Athletic Alts., Inc. v. Prince Mfg., Inc., 73 F.3d 1573, 1582 (Fed. Cir. 1996).  The District of Massachusetts' Local Rule 16.6 requires the parties to disclose their infringement and validity contentions at an early stage in the case.  See L.R. 16.6(d).  In particular, the Rule provides that the patentee must "disclose its infringement claims and theories, including claim charts that identify 'each accused product' and provide 'an element-by-element description of where and how each element of each asserted claim is found in each accused product or method.'"  Philips No. Am. LLC v. Fitbit LLC, Civil Action No. 19-11586-FDS, 2021 WL 5417103, at *3 (D. Mass. Nov. 19, 2021) (quoting L.R. 16.6(d)(1)(A)).  "Mandating such disclosures is intended to 'require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed.'"  Id. (quoting O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1366 n.12 (Fed. Cir. 2006)) (additional citation omitted).

Here, Cozy served its initial infringement contentions on July 20, 2021, which failed to map the Accused Products to Cozy's patent claims on a limitation-by-limitation basis.  In response to Dorel's objection, Cozy served supplemental contentions on September 2, 2021. (See Docket No. 77 at 1-2, describing history).[5]  The court allowed Cozy's motion for leave to file its Second Supplemental Preliminary Infringement Contentions ("SSPI Contentions") on January

---

[5] Unless otherwise indicated, citations to page numbers refer to the page of the cited document rather than the court's CM/ECF number across the top of the page.

7, 2022.  (Docket Nos. 76, 78, 107).  On December 7, 2022 Cozy filed a motion for leave to serve additional supplemental infringement contentions (Docket No. 169) which was denied by the court on February 13, 2023.  (See Docket No. 278).  Thus, the SSPI Contentions are the controlling contentions.  (See Docket No. 402 at 6, "Cozy's SSPI Contentions constitute its final infringement contentions for purposes of this litigation.").  Additionally, Cozy never purported to undertake a claim-limitation-by-claim-limitation analysis for a single Dorel product until it later submitted an expert report from Richard Kent, Ph.D. dated March 3, 2023.  (See Docket No. 333-1; Docket No. 332 at 1-2).

After briefing and oral argument, the court struck Dr. Kent's expert report on November 6, 2023 because Dr. Kent "ha[d] not merely flushed out Cozy's disclosed infringement theories" but had, instead, "rewritten Cozy's contentions so that they bear little resemblance to the SSPI Contentions." (Docket No. 402 at 4).  Cozy was given until November 28, 2023 to file a revised expert report "that more closely aligns with [its] SSPI Contentions" and which included "a claim-by-claim and element-by-element theory as to why each separate version of Dorel's Air Protect® technology allegedly infringes upon Cozy's Asserted Patents."  (Docket No. 402 at 7; Docket No. 408).  However, it failed to do so, and no further expert report has since been proffered.  Thus, at the conclusion of discovery, and despite having had numerous opportunities to do so, Cozy had not appropriately identified its claims.  Moreover, Cozy does not have any expert to testify on the issue of patent infringement.  While there may be patent infringement cases where no expert is needed, this is not such a case.  And no party has expressed the view that Cozy would be able to proceed without an expert.  Rather, this case involves complicated patents, and the court needed to define many of their terms.  Under such circumstances, the absence of expert

testimony also warrants the dismissal of Cozy's infringement claims.  See Centricut, LLC v. The Esab Grp., Inc., 390 F.3d 1361, 1369-70 (Fed. Cir. 2004) (expert testimony is "typically" needed in patent infringement case "[w]here the field or art is complex": patentee fails to meet its burden of proof without expert testimony).  See also Kologik Cap., LLC v. In Force Tech., LLC, Civil Action No. 18-11168-GAO, 2023 WL 6160433, at *25 (D. Mass. Sept. 21, 2023) (court strikes counterclaims for invalidity where defendant failed to obtain an expert: "[t]his is not one of those rare cases in which the subject matter of a patent is so simple or familiar to a lay person as to require no expert testimony in assessing the state of the prior art, obviousness, or enablement.").

### Prior Rulings on '298 and '739 Patents[6]

On December 15, 2022, Dorel filed a Motion for Summary Determination of Priority Dates for Asserted Patents.  (Docket No. 176).  With respect to the '298 and '739 Patents, while Cozy and Dr. Rajasingham claimed priority back to 1999, Dorel argued that their priority dates corresponded to their application filing dates of January 20, 2015 and September 9, 2015, respectively.  (Id.).  On June 22, 2023, this court issued its Memorandum of Decision and Order allowing Dorel's motion and adopting its position with respect to these priority dates.  (Docket No. 360).  It is undisputed, as alleged in Cozy's complaint and admitted by Dorel in its answer,

---

[6] The following sections addressing specific patents and products contain a limited discussion of why Cozy has failed to establish its claims of patent infringement.  The discussion is not intended to be exhaustive but is sufficient for present purposes.  The court also acknowledges, and finds persuasive, Dorel's contention that Cozy's claim of patent infringement by its RodiFix® booster car seat was without merit, as the booster seat never had more than one vent, as required by the '835, '298 and '739 Patents. (See Docket No. 500 at 12-14).  However, since Cozy withdrew its claims against the RodiFix® booster seat, albeit purportedly to streamline the case, no further discussion of that product is necessary.  (See Docket No. 261 at 2-3).

[10]

that Dorel has been using its Air Protect® technology since at least 2009.  (Compl. ¶ 1; Sec. Ans. ¶ 1).  Therefore, in light of this court's ruling as to the priority dates, Dorel's Air Protect® technology is prior art and could not be infringing on the '298 and '739 Patents as a matter of law.  For this additional reason, Counts one and two of the Complaint should be dismissed.

### The '416 and '835 Patents

The '416 Patent, entitled "Easy Ejector Seat with Skeletal Crash Safety Beam," claims a system that, among other things, is configured to allow fluid to move from a "sacrificial chamber" to one or more "micro-air cushions" through at "least one elongate fluid path[.]" (Docket No. 1-6 ('416 Patent) at col. 21 ll. 11-43; Memorandum of Decision and Order on Issues of Claim Construction ("Claim Construction Order") (Docket No. 152) at 23). The court construed "elongate fluid path" to mean "a defined path for fluid having a distance that is longer than the path is wide."  (Docket No. 152 at 36-37).  The court construed "micro-air cushion" to mean "inflatable cushion."  (Docket No. 152 at 26).   However, Dorel has put forth credible evidence[7] that its Accused Products do not contain, at a minimum, an "elongate fluid path" or a "micro-air cushion."  (See Dorel's L.R. 16.6 Patent Disclosures (Docket No. 500-4) at 4 and Exs. 1-16[8]; see also Dorel's Supplemental Memorandum in Support of Motion to Enter Judgment (Docket No. 500) at 9-11).  Dorel's evidence is unrefuted and warrants entry for Dorel on Cozy's claim of infringement of the '416 Patent (Count four of the Complaint).

---

[7] By its default, Cozy has waived its right to challenge Dorel's evidence.

[8] Dorel's Noninfringement Claim Charts are attached to its L.R. 16.6 Patent Disclosures as Exhibits 1-16 and begin on page 17 of Docket No. 500-4.

[11]

The '835 Patent is also entitled "Easy Ejector Seat with Skeletal Crash Safety Beam" and relates to an arrangement that is essentially identical to the one described in the '416 Patent. Independent claim 1 (and dependent claims 2-3) provides that the invention claimed is:

> 1. An airbag **prefilled** with at least a predetermined volume of air with porous filling materials, and comprising vents for exhaust at a metered rate during impact, said porous filling materials and vents, enabling adjustment of the compression characteristics of the airbag under impact, thereby providing protection of an occupant in a vehicle under impact conditions.

(Docket No. 1-5 ('835 Patent) at col. 44 ll. 46-53 (emphasis added)). The court construed the term "prefilled" as "having been filled in advance." (Docket No. 152 at 7-11; Docket No. 152-1 at 1). The court rejected Cozy's argument that "prefilled" was basically irrelevant and only required "that the airbag contains the air and porous filling material[.]" (See Docket No. 152 at 9). However, in its infringement claims, Cozy ignores the requirement that the airbag be "prefilled" and argues only that Dorel has infringed because the Accused Product has "an airbag filled with porous foam." (SSPI Contentions re '835 Patent (Docket No. 500-2) at CM/ECF Pages 2, 16, and 29 of 40). Moreover, Dorel has put forth undisputed evidence that its Accused Products do not include a system that "is prefilled with a predetermined volume of air." (See Dorel Noninfringement Claim Chart (Docket No. 500-4) Ex. 5 at 37-38). Thus, the present record establishes that Dorel has not infringed on the '835 Patent. For this additional reason, Count three of the Complaint should be dismissed.

Dismissal With Prejudice

It goes without question that a "[d]ismissal with prejudice, along with contempt, are the most severe penalties that may be ordered against a recalcitrant party." Ruiz-Rosa v. Rullán, 485 F.3d 150, 154 (1st Cir. 2007). In determining whether a dismissal with prejudice is appropriate,

[12]

the court must consider "all aspects of the case, including 'the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions.'"  Id. (quoting Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 5 (1st Cir. 2006)) (additional citation omitted).  Given the extreme prejudice to Dorel caused by Cozy's delays and failure to obtain counsel, coupled with the fact that at the conclusion of fact discovery Cozy had not clearly identified its infringement claims and did not have an expert to support its claims of infringement, the time has come to finally put these claims of patent infringement to rest.  This is one of the unique cases where dismissal with prejudice of a complaint is warranted.

Dorel's AirProtect® products entered the marketplace no later than 2009, and Dr. Rajasingham and Cozy admittedly knew about Dorel's products immediately.  (See Compl. ¶ 8).  Nevertheless, Cozy waited until 2021 to commence this litigation, already causing Dorel significant harm since Dorel had spent the intervening years growing its business.  On the other hand, as this court has already found, Dr. Rajasingham and Cozy spent the intervening years "engaged in an elaborate scheme to both ensnare Dorel's AirProtect® technology and artificially extend the life of the Asserted Patents."  (Docket No. 365 ("Crime Fraud Decision") at 2 (internal quotations omitted)).  Remarkably, despite waiting more than a decade to bring suit, Cozy was never in a position to identify its infringement contentions in accordance with the Local Rules and conducted years of litigation without an expert report to support its infringement claims.  These circumstances warrant dismissal with prejudice.

[13]

As evidenced by the docket, the court and the parties have devoted a great deal of resources to this litigation. Nevertheless, Cozy's counsel apparently felt they had no choice but to withdraw due, *inter alia*, to their ethical concerns. It is undisputed that, wherever the fault may ultimately lie, Dr. Rajasingham failed to provide counsel with all the relevant computers during discovery and erased relevant information before turning over the computers. (See 3/2/23 hearing (Docket No. 426-10) at 5-6 addressing newly located computers). These discovery "mishaps" (to put it nicely) delayed the progress of the case and required the court and Dorel to expend a considerable amount of time and energy in an effort to simply obtain relevant discovery in this case.[9] Then after counsel withdrew, the court gave Cozy more than ample opportunity to obtain successor counsel. To date, no counsel has appeared to actually represent Cozy substantively in any proceeding before the court. For these reasons as well, the Complaint will be dismissed with prejudice.

## V. CONCLUSION

For all the reasons detailed herein, Dorel's Motion for Entry of Default Judgment (Docket No. 473) is allowed as to Cozy's affirmative claims. The complaint is dismissed with prejudice. Dorel's Motion for Entry of Default Judgment as it relates to Dorel's counterclaims remains under advisement.

/ s / Judith Gail Dein  
Judith Gail Dein  
United States Magistrate Judge

---

[9] An overview of the problems with Cozy's document production can be found in Dorel's "Memorandum of Law in Support of Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 37 and the Court's Inherent Authority" (Docket No. 425 at 9-17). The court denied this motion without prejudice in light of the need for further evidence, primarily relating to the role of counsel. (See Docket No. 458).

[14]